UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RAMSEY Z. FAKHOURI,

    Defendant.

_____/

Case No. 20-cr-20103

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE [#3]**

**I. INTRODUCTION**

Presently before the Court is Defendant Ramsey Fakhouri's Motion for Early Termination of Supervised Release, filed on February 22, 2021. ECF No. 3. On April 16, 2021, the Government filed its Response in Opposition to Defendant's Motion. ECF No. 7. The Court held a hearing on this matter on April 23, 2021. For the reasons stated below, the Court will GRANT Defendant's Motion [#3].

**II. FACTUAL BACKGROUND**

On July 10, 2014, Defendant Ramsey Fakhouri entered a guilty plea to bank robbery in violation of 18 U.S.C. § 2113(a). ECF No. 1-1, PageID.2. According to the Government, Defendant partnered with a co-defendant to rob a bank with airsoft guns where Defendant's girlfriend was employed. *See* ECF No. 7, PageID.84-85.

1

Defendant was sentenced to a term of 78 months imprisonment and a 3-year term of supervised release. On February 20, 2020, a request was made to transfer Defendant's supervised release to the jurisdiction of this Court, which was granted on February 24, 2020. *See* ECF Nos. 2, 3. Fakhouri now seeks early termination from supervised release after completing approximately one year of his supervised release term.

### III. DISCUSSION

A district court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C § 3583(e). A court may look at the nature and circumstances of the offense; the history and characteristics of the defendant; the need to protect the public from further crimes of the defendant; and the need to adequately deter criminal conduct. 18 U.S.C. § 3553(a)(1), (a)(2)(C), (a)(2)(B).

Here, Defendant has demonstrated exceptional behavior warranting the early termination of his supervised release term. It is undisputed that Defendant has complied with all of his supervised release conditions, and his probation officer did not oppose an early termination. *See* ECF No. 7, PageID.87. He has also maintained stable employment and housing at his parent's home since his release from a halfway

house in January 2020. *Id.*; ECF No. 3, PageID.9. Additionally, the Court agrees with Defendant that he "has demonstrated a determination to become a productive law-abiding member of society" both during his period of incarceration and since his release. ECF No. 3, PageID.15. His accomplishments are numerous, and include obtaining three associates degrees; an induction into the Phi Theta Kappa Honor Society as the first federal inmate member; receiving a certificate in Christian Leadership Studies from the Urban Ministry Institute; completing a 4,000 hour apprenticeship through the United States Department of Labor; recent admission to the University of Michigan at Dearborn College of Business; and founding a charitable organization called Second Chance Nation. *Id.* at PageID.11-15.

While the Government recognizes Defendant's positive conduct while on supervised release, it emphasizes the seriousness of Defendant's underlying conviction and argues that terminating supervised release at this time will not adequately reflect the nature of the offense. However, it is clear that granting Defendant's Motion is in the interest of justice in this case. After careful review of Defendant's offense, his activities while incarcerated, and his impressive conduct while on supervised release, Defendant has demonstrated that he has fulfilled his rehabilitative objectives and early termination is warranted. *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life . . . [s]upervised release fulfills

rehabilitative ends, distinct from those served by incarceration."). Further, precedent from this District confirms that Defendant "has successfully achieved the goals of supervised release to date" and that the requested relief is appropriate here. *See, e.g., United States v. Price*, 2020 U.S. Dist. LEXIS 176523, *3-4 ("Although Defendant has been on supervised release for less than one-half of the three year period imposed against him, he has been compliant and without incident during the period of supervised release, has held steady employment, and is taking care of his family obligations.").

Accordingly, the Court finds that terminating supervised release at this time is in the best interest of Defendant and will serve the interests of justice in accordance with 18 U.S.C. § 3583(e). *See id.*

### IV. CONCLUSION

For the reasons discussed herein, Defendant's Motion for Early Termination of Supervised Release [#3] is **GRANTED**.

**IT IS SO ORDERED.**

                                                s/Gershwin A. Drain
                                                GERSHWIN A. DRAIN
                                                UNITED STATES DISTRICT JUDGE

Dated: April 26, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 26, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager